## BELLAMY v. EAGLE PICHER LEAD CO.

Circuit Court of Appeals, Eighth Circuit.
March 20, 1929.

No. 8137.

D. W. Peters, of Jefferson City, Mo. (A. J. Bolinger, of Versailles, Mo., on the brief), for plaintiff in error.

Wayne Ely, of St. Louis, Mo., for defendant in error.

Before STONE and KENYON, Circuit Judges, and JOHNSON, District Judge.

STONE, Circuit Judge. This is an action for personal injuries. From a judgment entered on a directed verdict at the conclusion of the plaintiff's case, this writ of error is sued out.

The sole issue is the sufficiency of the evidence to authorize submission of the case to the jury. The facts, as shown by the evidence most favorable to the plaintiff, are as follows: The defendant owned a strip lead mine with a mill near Mineral Point, Mo. The operations of the company, in general, consisted in excavating the mineral, which was a short distance below the surface, with a steam shovel which loaded the material on small cars. These cars were hauled from the mine to the mill by a small engine, called a "dinkey" engine. The engine and the cars ran on a track, which was about a quarter of a mile long, between the mine and the mill. The superintendent of the plant was named Richards. Among those under him were Ray Kempf, whose ordinary duties were to operate the steam shovel at the mine, and plaintiff, who operated the "dinkey" engine as engineer. Plaintiff had one assistant, who acted as a brakeman, but who had nothing to do with the operation of the engine, as plaintiff was both engineer and fireman. Plaintiff had nothing to do with the operation of the steam shovel, and Kempf had

nothing to do, ordinarily, with the operation of the engine. When Richards was not at the plant, Kempf was in charge, and gave orders to, and directed the work of, plaintiff and of others. On the day of the accident to plaintiff, Richards was not at the plant, and Kempf was in charge over plaintiff.

About noon of the day in question, plaintiff cut the engine loose from the ore cars, and started backing it down to get water for it. After a short distance, the engine left the rails. Plaintiff took the re-railers and got the engine back upon the track, when he discovered that the "packing box" had come off. At that time, the engine was in reverse; and the track was on a slight grade; the uphill direction being to the rear of the engine. Desiring to stop and hold the engine so that he could replace the "packing box," and because there was no neutral point on the throttle, plaintiff shut off the steam, left the engine in reverse, set the brake, and put a block under the uphill side of the wheels in order to hold it stationary. He then crawled under the engine from the rear, leaving a portion of his legs exposed at the rear of the engine between the rails. While he was in that position, fixing the "packing box," he saw Kempf come up to the engine and climb into the cab part. Plaintiff saw certain parts of the engine move, which indicated that Kempf had thrown the lever controlling the movement of the engine. Whereupon the engine started moving, and passed backward and forward above plaintiff, causing the injury complained of. The evidence for plaintiff is that Kempf must have known of the position of plaintiff under the engine at the time he got on it.

The above evidence is certainly sufficient to authorize the submission to the jury of the issue whether Kempf's action in starting the engine was not negligence. However, this does not make out a prima facie case against the company. It is the duty of plaintiff to establish every essential fact in his right to recover. One such fact in his right to recover against the defendant company is that Kempf was acting as the representative of the company in moving the engine. In so doing, Kempf acted either as a fellow servant or as a vice principal or as a volunteer. It is for plaintiff to introduce evidence which would justify a jury in finding that such action by Kempf was as a vice principal. The most that can be said of the evidence is that it shows Kempf was in charge of the plant at the time he moved the engine. There is an entire absence of evidence

as to why he moved the engine. It was the noon hour, and the engine was not then being operated, nor was its operation by Kempf, at that time, necessarily connected with any work of the plant. He may have acted as a vice principal or he may have acted as a volunteer—there seems no possible basis for thinking he could have been acting as a fellow servant. If he were acting as vice principal, the company would be liable for his acts. If he were acting as a volunteer, the company would not be liable. It devolved upon plaintiff to introduce evidence justifying a jury in finding that Kempf acted as vice principal. He has failed to do so. Because of this failure of proof as to an essential fact, plaintiff did not make out a case entitling him to go to the jury.

Evidence was offered by plaintiff to show why Kempf started the engine. This evidence was excluded, upon objection. The evidence was as to statements made by Kempf as to why he had done this. Kempf was dead at the time of trial. Such statements were purely hearsay and properly excluded.

The court rightly directed a verdict for defendant, and the judgment should be, and is, affirmed.